UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**TERRESZ L ROBINSON #376930**     **CASE NO. 3:19-CV-00660 SEC P**

**VERSUS**     **JUDGE TERRY A. DOUGHTY**

**DARREL VANNOY**     **MAG. JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Pro se petitioner Terresz L. Robinson, an inmate incarcerated at the Louisiana State Penitentiary in Angola, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 23, 2019. Robinson attacks his February 17, 2014, convictions and the resulting sentence imposed by the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. Because none of the claims affected the outcome of Robinson's trial given the results of DNA evidence and the strength and credibility of the testimony of a multitude of witnesses, Robinson is lawfully detained. Thus, his petition for writ of habeas corpus should be denied.

### Background

On February 17, 2014, Robinson was convicted of six counts: two counts of aggravated rape, one count of second degree kidnapping, one count of attempted second degree kidnapping, one count of felony theft of an automobile, and one count of carjacking.[1] The trial judge sentenced

---

[1] The underlying facts in this case have been set forth by the Louisiana Second Circuit Court of Appeal, *State v. Robinson*, 49, 677 (La. App. 2 Cir. 4/15/15), 163 So.3d 829, 833-40, writ denied, 2015-0924 (La. 4/15/16), 191 So.3d 1034. Accordingly, only the history relevant to the pending petition is included.

1

Robinson to the maximum sentence on all counts, resulting in two consecutive life sentences plus a consecutive 20 years. Robinson appealed, and the Second Circuit Court of Appeal affirmed his conviction and sentence. *State v. Robinson, supra*. Robinson then applied for writs with the Louisiana Supreme Court, which were denied on April 15, 2016. *State v. Robinson*, 2015-0924 (La. 4/15/16) 191 So.3d 1034.

On October 18, 2016, Petitioner filed an application for post-conviction relief in the Fourth Judicial District Court. (R. pp. 1485-1592). Therein, he argued the following claims relevant to this petition:

1. Ineffective assistance of counsel
    - Claim A: failure to object to hearsay statement from witness Dorian Harris and failure to subpoena her co-worker Joy. (R. p. 1510).
    - Claim N: failure to present a security video showing the incident at ULM that would have exonerated him. (R. pp. 1525-1526).
    - Claim R: failure to remove juror Sandra Stewart after she stated she knew one of the State's witnesses. (R. p. 1528).
    - Claim V: failure to file a motion for continuance after the State's second amendment of the indictment. (R. pp. 1531-1532).
    - Claim W: failure to present an intoxication defense. (R. pp. 1532-1533).

2. Prosecutorial misconduct
    - Claim F: Showing the photographic lineup to Sierra Ellis two different times. (R. pp. 1550-1551).
    - Claim G: The assistant district attorney Michelle Anderson interfered with defense counsel's right to interview the witness. (R. pp. 1551-1553).

3. Abuse of discretion
    - Claim A: He did not have a fair trial when the judge made the jury leave the courtroom while his counsel attacked the testimony of Dr. Jessica Esparza. Esparza committed perjury four times. (R. p. 1558).
    - Claim B: The judge gave improper jury instructions. (R. p. 1560).

On December 13, 2016, the trial court denied some of Robinson's claims because "they were previously ruled upon on direct appeal," denied other claims on their merits, ordered the District Attorney to respond to certain claims, and ordered Robinson to address the remaining

claims. (R. pp. 1593-1594). On March 24, 2017, the trial court dismissed all of Robinson's claims. (R. pp. 1595-1596).

On April 26, 2017, following Robinson's new filing, the trial court "vacated and set aside" the March 24, 2017, ruling and ordered Robinson to address certain claims. (R. pp. 1617-1619). On September 11, 2017, the trial court issued a "Second Supplemental Ruling," dismissing some claims and ordering the District Attorney to address three remaining claims. (R. pp. 1620-1627). On November 2, 2017, the trial court dismissed Robinson's remaining claims. (R. p. 1634).

On December 11, 2017, Robinson applied for writs with the Second Circuit Court of Appeal. (R. pp. 1636-1647). On March 8, 2018, the Appellate Court denied Robinson's writ application. (R. p. 1648). Robinson took writs to the Louisiana Supreme Court. On April 22, 2019, the Louisiana Supreme Court denied Robinson's writ. (R. pp. 1701-1702).

On May 22, 2019, Robinson filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. [doc. #1-2, p. 31]. On June 20, 2019, the Court ordered Robinson to demonstrate that he had exhausted three of his twelve claims: "Claim 4," "Claim 9," and "Claim 12." [doc. # 7]. On June 28, 2019, Robinson responded to the Court's order by abandoning and therefore voluntarily dismissing those claims. [doc. # 8, doc. #1-2, pp. 17, 25, 31]. On August 6, 2019, the Court ordered the clerk to prepare summons and serve the defendant. [doc. # 9]. On October 16, 2019, the State filed its response. [doc. # 15]. The motion is ripe.

## Standard of Review

Federal courts may provide habeas corpus relief to a state prisoner in accordance with 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under Section 2254(d), after a state court has adjudicated a prisoner's claims on the

3

merits, an application for a writ of habeas corpus may be granted only if the petitioner shows that the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

Federal review under 2254(d)(1) is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). A decision is "contrary to" clearly established law if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). A decision involves an "unreasonable application" of clearly established law "if the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner." *Id.* (citing *Williams*, 529 U.S. at 407–08). "Clearly established law" refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

Section 2254(d)(2) involves a challenge to factual determinations made by state courts. *Hoffman v. Cain*, 752 F.3d 430, 437 (5th Cir. 2014). Federal courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(1).

The AEDPA has put into place a deferential standard of review, and a federal court must defer to a state court adjudication on the merits. *Valdez v. Cockrell*, 274 F.3d 941, 950 (5th Cir. 2001). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show

that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). An adjudication is "on the merits" when "the state court resolves the case on substantive grounds, rather than procedural grounds." *Id.* at 946–47. A federal court reviews *de novo* a claim not adjudicated on the merits in state court. *Hoffman*, 752 F.3d at 437.

When a federal claim has been presented to a state court and the state court has summarily denied relief without a statement of reasons, it may be presumed that the state court adjudicated the claim on the merits, in the absence of any indication or state-law procedural principles to the contrary. *Harrington*, 562 U.S. at 99 (2011). A habeas court must determine what arguments or theories supported, or could have supported, the state court's decision; and then it must ask whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. *Id.* at 102. Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden must be met by showing there was no reasonable basis for the state court to deny relief. *Id.* at 98.

## Discussion

### I. Ineffective Assistance of Counsel

Robinson raises five claims of ineffective assistance of counsel: (1) failure to object to an alleged hearsay statement from Dorian Harris and to subpoena her coworker Joy; (2) failure to present the security video of the ULM campus which would have exonerated him; (3) failure to challenge a juror who knew a State's witness; (4) failure to file a motion for continuance after the State's second amendment of the indictment; and (5) failure to object and file a motion for an intoxication plea. To prevail on an ineffective assistance claim, a petitioner (1) "must show that

counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2254. *See Clark v. Thaler*, 673 F.3d 410 (5th Cir. 2012); *Amos v. Thornton*, 646 F.3d 199 (5th Cir. 2011). A failure to prove either prong defeats the claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998). A court need not analyze the prongs of this test in any particular order or even address both prongs if the defendant fails to make a sufficient showing on one. *Strickland*, 466 U.S. at 697. Further, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green*, 160 F.3d at 1042.

To satisfy the first prong, Robinson must prove his counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In applying the first prong, federal courts presume counsel has provided competent professional assistance. *Id.* at 689–90. A court deciding an ineffectiveness claim must judge the reasonableness of counsel's conduct on the facts of the case, at the time of the conduct, keeping in mind that counsel's function "is to make the adversarial testing process work in the particular case." *Id.* at 690. The petitioner must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

To establish prejudice under the second prong, Robinson must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. This requires showing that counsel's actions "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable," *Id.* at 687, and not merely that the outcome would have been different. *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993).

6

Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372; *see also Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995). Counsel cannot be ineffective for failing to raise a meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that he would have received less jail time. *U.S. v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

### A. Failure to object to alleged hearsay statement from Dorian Harris and failure to subpoena her co-worker Joy

Robinson argues his counsel should have objected when Harris testified that after she encountered Robinson at the Forever 21 store, her co-worker Joy suggested that he could be the "ULM rapist." In response, the State argues that there was no hearsay violation.

The state court addressed the merits of this claim. It found that:

Petitioner essentially complains about the manner in which the police conducted their investigation of the offenses which led to his arrest and conviction. As a corollary, he contends his lawyer was ineffective for failure to object to how the investigation was conducted. Assuming Counsel's performance in that regard was deficient, Petitioner has failed to show any prejudice remotely sufficient to justify the relief requested, particularly in light of the overwhelming evidence leading to his conviction.

(R. p. 1621).

There is no reason for this court to disagree. This statement was not hearsay. Under Louisiana law, hearsay is generally inadmissible at trial and is defined as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." La. Code Evid. Art. 801. This statement was not offered to prove the truth of the matter asserted—that the man in the Forever 21 store was the ULM rapist—but offered as a recollection of the interaction with co-workers that spurred Harris to report the incident to police. (R. pp. 1054-1059)

7

Even assuming *arguendo* that it was hearsay, the failure to object did not prejudice Robinson. On that same day, the State presented other witnesses who testified he approached them at the mall, and he subsequently attacked a woman at the mall. The failure to raise an objection was not deficient performance, nor has Robinson shown that but for this error, he would not have been convicted. This claim should be DISMISSED.

B. <u>Failure to present the security video of the ULM campus which would have exonerated him</u>

The state court summarily denied post-conviction relief on this claim. (R. pp. 1525, 1593). Because the state court's decision is without explanation, the petitioner's burden is to show there was no reasonable basis for the state to deny relief. *Richter*, *supra*.

At trial, Detective James Booth was cross-examined by Robinson's counsel about the video's contents. (R. p. 1236). Booth testified that Robinson and the victim are the only people present in the video, that the victim appears to be following Robinson, and that the video shows neither a gun nor Robinson's hand on the victim. *Id*. On re-direct, the prosecution pointed out that the victim told Booth that Robinson told her he had a gun, compelling her to follow him. (R. p. 1237).

Robinson's counsel reasonably asked about the contents of the video and had Booth testify that the video showed the victim following Robinson and failed to show any gun or other force. Given that the jury heard about the video's contents, it is unclear how showing the video would have been more effective. The victim testified that she followed Robinson because he told her he had a gun. (R. pp. 550-551). Contrary to Robinson's assertions, the video does not exonerate him but rather provides some evidence supporting his claim he did not kidnap the victim. Yet the jury believed the victim's testimony and determined she was kidnapped. Because Robinson's attorney acted reasonably, the state's dismissal of this claim was not contrary to federal law. This claim should be DISMISSED.

C. <u>Failure to challenge a juror who knew a State's witness.</u>

Robinson argues that his lawyer should have objected to juror Sandra Stewart because she knew Meshionte Jones, a witness for the state. The State argues that because Stewart assured the Court that this would have no effect on her decision, counsel's decision to not object was not deficient.

This claim was considered on the merits by the state court and denied. (R. pp. 1629-1630, 1634). At trial, Jones was one of several witnesses who testified that she encountered Robinson at the apartment building where he committed the second rape. Her testimony helped establish that Robinson was the man who committed the second rape, but her testimony was only one piece in a damning array of evidence. Thus, Robinson cannot establish how this testimony prejudiced him. In addition, Robinson has not shown that the failure to object was unreasonable. The only connection between the juror and the witness was that Stewart had taught Jones twenty years earlier, making their connection very minimal. Therefore, the state court's denial of this claim was reasonable, and it is recommended that the claim be DISMISSED.

D. <u>Failure to file a motion for continuance after the State's second amendment of the indictment.</u>

Robinson next claims his attorney was deficient because he did not request a continuance after the state amended the indictment immediately before trial. In response, the State points out that the amendment contained the same claims as the previous indictment and that the change was made to provide organization to the trial by placing the counts chronologically and by victim. The state court summarily dismissed this claim. (R. pp. 1531,1593).

The six claims in the second amended indictment are the same six claims in the original indictment. Changing the order in which the counts were presented had no impact on the outcome and did not prejudice the defendant in any way. This claim should be DISMISSED.

E. Failure to object and file a motion for an intoxication plea

Robinson argues that his lawyer should have presented an intoxication defense at trial. Robinson contends that he was smoking PCP, which caused him to hallucinate. In response, the state cites to the trial court's ruling, wherein it stated that given that the defense's theory of the case was that Robinson did not commit the crime, it would have been illogical to also present an intoxication defense. (R. pp. 1623)("To have also asserted an intoxication defense would have, in the Court's view, significantly undercut the effectiveness of the overall presentation of a defense to these charges. By doing so, the theory of defense would have become 'the Defendant did not do it but, if he did, he was high'").

The undersigned agrees. As the state court noted, to have asserted an intoxication defense would have significantly undercut the effectiveness of the innocence defense. Robinson fails to show he was prejudiced by his counsel's actions or that the state court's decision was unreasonable. This claim should be DISMISSED.

## II. Prosecutorial misconduct

Robinson contends that his convictions were obtained in violation of the United States and Louisiana Constitutions because they involved prosecutorial misconduct. Specifically, he alleges that the prosecution improperly showed Sierra Ellis a photographic lineup and that the prosecution interfered with the defense counsel's interview of the witness. The state court dismissed this claim. (R. p. 1595).

Prosecutorial misconduct does not warrant habeas corpus relief unless it "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). A petitioner must demonstrate that the misconduct [was] persistent and pronounced or that the evidence of guilt was so insubstantial that the conviction

would not have occurred but for the improper conduct. *Jones v. Butler*, 864 F.2d 348, 356 (5th Cir. 1988). A state court's determinations regarding prosecutorial misconduct are subject to the AEDPA's requirement that the decision must be contrary to or an unreasonable application of federal law to warrant federal habeas relief. *See Jordan v. Epps*, 740 F.Supp.2d 802 (S.D. Miss. 2010).

Robinson appears to argue that it was unfair for the prosecution to show Ellis a photographic lineup, implying it induced her to conclude he committed the crimes against LF. At trial, Ellis identified Robinson as the individual she saw at the apartment complex the day of L.F.'s rape (R. p. 837). Ellis testified on cross-examination that she was presented with a photo lineup by the DA. Petitioner's counsel did not think this was unusual and moved on from the topic quickly. (R. p. 840). Showing a witness a photographic lineup is not improper, and there is no suggestion that the lineup itself was improperly constituted. In addition, Ellis was not the only witness who testified that Robinson was at the apartment complex on the day in question. This claim should be DISMISSED.

Robinson also argues that the prosecution interfered with his ability to interview Ellis. The defense moved for a mistrial and requested a hearing. (R. p. 941). At the hearing, it was determined that the prosecution did not prevent defense counsel from speaking with Ellis. (R. pp. 941-963). Robinson does not show how this error prejudiced him, nor does he show how the state court's decision was an unreasonable application of federal law. This claim should also be DISMISSED.

### III. Abuse of discretion

Robinson also alleges the trial court "abused its discretion" in three ways. They are addressed in turn.

A. <u>Jury had to leave courtroom while counsel attacked a witness' testimony</u>

Robinson claims the trial court "abused its discretion" in allowing the jury to leave the room while his counsel cross-examined Dr. Jessica Esparza. As a result, he contends the jury did not hear Esparza's whole testimony. The trial court considered this claim on the merits and denied it. (R. p. 1625). On the undersigned's review of the record, it appears that Robinson contends the failure to cross-examine the witness is a violation of his right to confront witnesses.

The Sixth Amendment's Confrontation Clause guarantees the accused the right to cross-examine adverse witnesses to uncover possible biases and expose the witness's motivation for testifying. *See Davis v. Alaska*, 415 U.S. 308, 316–317, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). The Confrontation Clause promotes reliability in criminal trials by providing defendants the opportunity for cross-examination. *Kentucky v. Stincer*, 482 U.S. 730, 739, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). The Supreme Court has described the guarantee of the Confrontation Clause as "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985). Thus, "the Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose these infirmities through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony." *Id*. at 22, 106 S.Ct. 292.

The undersigned finds that the state court's decision was not unreasonable. On review of the record, Robinson was able to attack Esparza's testimony. On cross-exam, Esparza was not answering a question about who made the decision not to test some of the evidence. (R. pp. 1039-1040). After Robinson's attorney asked her the question for the third time, the trial judge called for a bench conference and excused the jury. *Id*. The trial judge asked Esparza why she wasn't answering the question and was able to procure a responsive answer. (R. p. 1041). The jury was

12

called back in and Robinson's lawyer then was able to put Esparza's answer to the question in front of the jury. *Id*. There is no violation of clearly established federal law here. Robinson had ample opportunity to question Esparza in front of the jury and did so accordingly. To the extent Robinson may claim that the trial court's decision to have the jury leave the courtroom constituted an error or an abuse of discretion under state law, this is not a federal constitutional claim, but rather a question of state law, which is not a cognizable claim for federal habeas review. This claim should be DISMISSED.

### B. Claims Esparza committed perjury four times

Robinson next claims his conviction should be overturned because Esparza committed perjury. The state court dismissed the claim because Robinson failed to show that Esparza committed perjury. (R. pp. 1614, 1625). Robinson's brief suggests that he believes his conviction was obtained via perjury. "For perjury by a witness to constitute grounds for the grant of a habeas corpus writ it would have to be shown that the state knowingly used the perjured testimony." *Braxton v. Estelle*, 641 F.2d 392, 395 (5th Cir. 2011)(citing *Skipper v. Wainwright*, 598 F.2d 425, 427 (5th Cir. 1979))(internal citations omitted). Thus, even if Esparza committed perjury, Robinson does not show that the state knowingly used the perjured testimony. The claim should be DISMISSED.

### C. Claim that the jury used evidence from one count to convict Petitioner on other counts

In this claim, Robinson essentially argues the judge gave improper jury instructions. This claim was dismissed by the state court. (R. p. 1625). The state court found the "jury had adequate guidance in the consideration of Robinson's case such that it was ensured the jury would deliberate and decide each count separately." (R. p. 1626).

Improper jury instructions in a state trial will not form the basis for habeas corpus relief, as such instructions are a matter of state law to which substantial deference is owed. *See Engle v. Isaac*, 456 U.S. 107, 102 S. Ct. 1558, 71 L.Ed. 2d 783 (1982)( "A state prisoner is entitled to habeas corpus relief only if he or she is held in custody in violation of the Constitution or laws or treaties of the United States, and insofar as prisoners simply challenged the correctness of the self-defense instructions under Ohio law, they alleged no deprivation of federal rights and could not obtain habeas corpus relief"). The state court found that the jury instructions were proper, and this court is compelled to agree. This claim should be DISMISSED.

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Petitioner Terresz Robinson's Petition for Writ of Habeas Corpus, [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL**

**BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 9th day of December, 2019.

                                                       _____
                                                       KAREN L. HAYES
                                                       UNITED STATES MAGISTRATE JUDGE